**MISSOURI DEPARTMENT OF CORRECTIONS**
**DEPARTMENT**
**PROCEDURE MANUAL**

D5-3.3 Clergy or Spiritual Advisor Visits          Effective Date:   October 1, 2016

*Signature on File*

George A. Lombardi, Department Director

I.  **PURPOSE**:  The purpose of this procedure is to establish guidelines for permitting clergy or spiritual advisor visits with offenders within the facilities.

   A.   **AUTHORITY**:  Section 217.040 and 217.175 RSMo

   B.   **APPLICABILITY**:  This procedure applies to all offenders and all staff of the department.  Chief administrative officers of institutions and institutional treatment centers will develop standard operating procedures based on the guidelines provided herein.

   Facilities not allocated a chaplain shall assign these duties to a staff member or approved volunteer in corrections.

II. **DEFINITIONS**:

   A.  **Chief Administrative Officer**:  The highest ranking individual at the worksite and in accordance with the CAO reference document available in the department's computer system.  Exception:  Staff members at the worksite who do not report to the worksite CAO will be accountable to the deputy or assistant division directors or central office section heads who are in their chain of command.

   B.  **Clergy or Spiritual Advisor:**  Community spiritual leader of any religious group formally authorized and empowered by a religious body to administer ordinances or sacraments, to perform mandatory rites, counsel, and to conduct religious or spiritual services and studies subject to institutional verification of his credentials.

   C.  **Consumable Literature:**  Hard copy pamphlets, brochures, flyers, magazines and booklets.

   D.  **Department Computer System:**  The computer systems used by department staff members such as, but not limited to the Corrections Information Network (COIN), Missouri Corrections Integrated System (MOCIS), Investigation Reporting Intelligence System (IRIS), (OPII), Statewide Advantage for Missouri (SAMII), shared network drive, etc.

   E.  **Immediate Family:**  For the purpose of this procedure immediate family shall be defined as the offender's:

      a.   spouse;

      b.   parents/stepparents and their spouses;

      c.   siblings/stepsiblings and their spouses;

      d.   grandparents/stepgrandparents and their spouses;

      e.   great-grandparents/stepgreat-grandparents and their spouses;

**A1**

    f. legal guardian, primary support person and his spouse;

    g. children/stepchildren and their spouses;

    h. grandchildren/step grandchildren and their spouses; and

    i. great-grandchildren/step great-grandchildren and their spouses.

F. **Standard Operating Procedure (SOP):**  Worksite requirements that describe specific tasks, actions, or activities relative to the organization's procedures.

**III. PROCEDURES**:

  A. GENERAL INFORMATION

    1. An offender on noncontact visiting status may be permitted contact visits with clergy or spiritual advisors pending safety and security considerations and at the discretion of the chief administrative officer (CAO) or designee.

    2. An offender may choose to decline the visit of a clergy or spiritual advisor without affecting future clergy or spiritual advisor visits.

  B. CLERGY OR SPIRITUAL ADVISOR APPROVAL PROCESS

    1. Clergy and spiritual advisors may also be volunteers in accordance with the department procedure regarding volunteers.

    2. The following process will be followed:

      a. In the event the clergy or spiritual advisor is an immediate family member of the offender, visiting privileges may be provided either as a clergy or spiritual advisor or in accordance with the institutional services procedure regarding offender visitation, but not both.

      b. The chaplain will forward the request for clergy or spiritual advisor visitation approval form, a copy of the completed visiting application form, a copy of this procedure and a copy of the facility's visiting room rules to the clergy or spiritual advisor candidate.

      c. Upon receiving the completed request for clergy or spiritual advisor visitation approval form and visiting application form from the candidate, the chaplain will:

        (1) verify the information found in the request for clergy or spiritual advisor visitation approval form;

        (2) have a background investigation conducted; and

        (3) will either recommend approval or denial of the request to the CAO or designee.

      d. Clergy or spiritual advisor status will be confirmed by the chaplain in part by 2 or more of the following; other factors may be taken into consideration to approve or deny the status:

        (1) ordination certificate;

        (2) listing as clergy or spiritual advisor in a religious organization publication or website;

      (3)  letter of endorsement (on official letterhead) from the respective religious organization;

      (4)  federal income tax filing status as "clergy or minister"; and

      (5)  designation on approved visiting application as clergy or spiritual advisor.

  e.  Recommended denials must be submitted through the deputy warden to the warden for final determination.

  f.  The chaplain will route a copy of the visiting application form and request for clergy or spiritual advisor visitation approval form to the offender's case manager for placement in the classification file.

  g.  If approved, the clergy or spiritual advisor's name will be placed on the offender's list of approved visitors as outlined in standard operating procedures (SOP).

      (1)  The chaplain will notify the clergy or spiritual advisor of approval.

      (2)  The chaplain will inform the clergy or spiritual advisor of denial, the reason for denial and the appeal process.

  h.  The candidate may appeal the denial:

      (1)  to the supervisor of religious or spiritual programming within 30 calendar days if based on credentials;

      (2)  to the division director within 30 calendar days if based on safety and security issues.

      (3)  The supervisor of religious or spiritual programming or deputy division director will, in conjunction with the division director, respond to the appeal within 14 calendar days of receipt.

  i.  A visiting application form and request for clergy or spiritual advisor visitation approval form must be submitted to the chaplain for each offender the clergy or spiritual advisor wishes to visit.

  j.  The chaplain will review the clergy visit report for his institution in order to identify visiting clergy within the department computer system.

  k.  If the clergy or spiritual advisor serves in this capacity for an offender at another institution, the chaplain will notify the additional institution's chaplain that the requesting clergy or spiritual advisor was approved.

C.  APPROVED CLERGY OR SPIRITUAL ADVISOR VISIT

  1.  The approved clergy or spiritual advisor may visit the offender, subject to the following conditions.

    a.  The clergy or spiritual advisor may visit in the visiting room during normal visiting hours.

      (1)  If visiting in the visiting room during normal hours, no advance notice is needed.

      (2)  Clergy or spiritual advisors will follow the normal procedure of entering the facility as other visitors, unless alternate arrangements have been made.

    b.  The chaplain may arrange confidential visits in an area other than the visiting room with the approval of the CAO or designee.

    c.    Clergy or spiritual advisor visits to any 1 offender is limited to 1 per week.

    d.    The chaplain, in conjunction with the CAO or designee, may approve additional visits or visits during nonvisiting hours on an as-needed basis.

    e.    A visit by a clergy or spiritual advisor will not be charged against an offender's allocated number of monthly visits.

    f.    A clergy or spiritual advisor's name on an offender's visiting list will not affect the number of approved visitors.

    g.    A notation of the date of the clergy or spiritual advisor visit will be entered in the department computer system.

    h.    Clergy or spiritual advisor visits will be made to an individual offender with the following exceptions:

        (1)    Offenders who are immediate family members within the same facility may be visited in a group setting, by a clergy or spiritual advisor.

        (2)    The clergy or spiritual advisor will be permitted to visit with up to 3 offenders of the same religious declaration as recommended by the chaplain and approved by the CAO or designee.

        (3)    Other group visits may be permitted in accordance with the department procedure regarding offender visitors.

    i.    Clergy or spiritual advisors may be permitted to take into the visiting room those religious materials needed for the provision of pastoral ministry to the visited offender in accordance with the institutional services procedure regarding religious or spiritual programming.

    j.    Clergy or spiritual advisors desiring to perform special religious or spiritual rituals must submit a request to the chaplain 2 weeks in advance, stating the nature of the ritual and accommodations needed.

        (1)    The chaplain may make arrangements for ritual with the approval of the CAO or designee.

        (2)    Appropriate consideration shall be given to the privacy relative to the type of ritual administered.

        (3)    When appropriate, a separate area may be used.

        (4)    Performing an unauthorized religious ritual may result in the denial of a clergy or spiritual advisor visiting or the restriction of visiting privileges.

        (5)    All materials will be inspected in an appropriate and respectful manner and must be removed by the clergy or spiritual advisor at the conclusion of the visit.

            (A)    Any questions regarding the method of inspection should be directed to the chaplain.

    k.    The offender may be permitted to retain religious materials defined as consumable literature following a search of those items as outlined in the SOP's for approval.

D.    CLERGY OR SPIRITUAL ADVISOR MANAGEMENT

1. If the clergy or spiritual advisor is involved in unethical or illegal activity or activity which violates departmental procedure, suspension of visiting privileges and referral to the clergy or spiritual advisor's religious authority should be completed.

    a. Referral will be made to the prosecuting attorney, if applicable.

2. Annually, the chaplain shall personally visit with all clergy or spiritual advisors at his respective facility so as to ensure procedure is understood and to address any concerns.

3. The chaplain shall ensure that a review of religious organization credential endorsement and background checks are addressed annually. Those who do not meet the requirements will be removed from visiting status as visiting clergy or spiritual advisors until such requirements are met and confirmed by the chaplain.

4. Approved clergy or spiritual advisors who are not regularly visiting, will be encouraged to consider seeking approval to visit other offenders as the need exists.

    a. If clergy or spiritual advisors do not register an offender visit after 1 year, they will be removed from the visiting list within the department computer system, per the applicable SOP.

5. Confidential information relative to the clergy or spiritual advisor will be secured in accordance with institutional SOP.

6. A volunteer may be approved for clergy or spiritual advisor status but only in institutions where they do not serve as volunteers.

E. SPECIAL VISITS

1. The chaplain may, with the approval of the CAO or designee, arrange special visits with a clergy or spiritual advisor who has not previously been approved, in accordance with the institutional services procedure regarding offender visitation.

2. The chaplain may, with the approval of the CAO or designee, arrange a phone call to an immediate family member in the event of death or tragedy in the offender's immediate family.

    a. The chaplain will determine the nature of the emergency and examine the required credentials for their validity.

    b. The clergy or spiritual advisor must be able to produce substantiating credentials to be examined by the chaplain for their validity.

    c. The chaplain will complete the special visit request form noting the credentials of the clergy person or spiritual advisor.

    d. The visit will be brief and will be conducted with whatever security measures are deemed appropriate.

3. The chaplain may arrange special visits relative to an offender's emotional or spiritual health, facility adjustment, program progress or family or significant other distress in accordance with SOP and with the approval of the CAO or designee.

F. CLERGY OR SPIRITUAL ADVISOR DENIED VISIT

1. If a clergy or spiritual advisor is denied access to a facility and thereby terminating clergy or spiritual advisor status, the chaplain will notify the supervisor of religious or spiritual programming of the reason for denial.

    a. The supervisor of religious or spiritual programming will notify all deputy wardens that the clergy person or spiritual advisor is not permitted access to any facility.

    (1) The denied clergy or spiritual advisor can re-apply for access after one year.

    b. Termination of clergy or spiritual advisor visiting status will occur in the same manner as termination of visits as in accordance with the institutional services procedure regarding offender visitation.

G. CLERGY OR SPIRITUAL ADVISOR PHONE CALLS AND CORRESPONDENCE

1. Clergy or spiritual advisors may accept phone calls and correspondence from offenders.

    a. Calls to clergy or spiritual advisors on the regular offender phone system are subject to monitoring; however, any information gained will not be used against the offender for facility disciplinary purposes unless facility security is compromised.

    b. Information regarding criminal activity will be subject to referral for prosecution in accordance with appropriate procedures.

    c. Calls made from the chaplain's office to a clergy or spiritual advisor with the understanding of counseling confidentiality and will be monitored by the chaplain.

        i. Restrictions regarding duration and frequency will be at the discretion of the chaplain.

**IV. REFERENCES**:

  A.  931-0260    Visiting Application
  B.  931-0276    Special Visit Request
  C.  931-4331    Request for Clergy or Spiritual Advisor Visitation Approval
  D.  D2-13.1     Volunteers
  E.  IS13-3.1    Offender Visitation
  F.  IS17-1.1    Religious/Spiritual Programming

**V. HISTORY**:

  A.  Original Effective Date:   05-25-01
  B.  Revised Effective Date:    10-01-16