Dear Lance Shockley:

The Department has received your IRR regarding your request that: (1) your daughters, Morgan and Summer Shockley, be designated as your spiritual advisors; (2) they be permitted to have a contact visit with you for the purpose of praying, providing communion, and anointing you with oil; and (3) Morgan Shockley be present with you in the execution chamber during the execution for the purpose of praying with you.

As an initial matter, your IRR contains several factual inaccuracies that need to be corrected. For instance, you wrote that "both [Summer and Morgan Shockley] filled out the appropriate paperwork and met the requirements." IRR at 2. This is incorrect. Summer Shockley has submitted an application to be a spiritual advisor under D5-3.3, which was denied on August 12, 2025. An appeal has not yet been completed regarding that denial. On October 8, 2025, Summer Shockley sent an application for a contact visit as a spiritual advisor to Warden Cofer. The Department will respond to Summer in a separate communication. Additionally, the Department has refused Summer's request to be designated as a spiritual advisor, while you are on pre-execution status, because of the institutional safety and security concerns that are posed by a relative within the first-degree of consanguinity being designated as a spiritual advisor.

Next, your IRR indicates that Morgan Shockley met the requirements to be a spiritual advisor, and that "[o]n 9.25.25, Aaron B. Davis – MODOC Supervisor of Religious/Spiritual Programming, advised [Morgan Shockley] that she is qualified to be my spiritual advisor." IRR at 2. This is incorrect. Morgan Shockley does not meet the requirements to be a spiritual advisor, and if she did, the Department would exercise its discretion to afford her the rights and visiting privileges afforded to family members under the institutional services procedure regarding offender visitation. D5-3.3III(B)(2)(a). Morgan Shockley does not meet the requirements to be your spiritual advisor while you are on pre-execution status due to institutional safety and security concerns, which causes a failure to satisfy the background check provision of D5-3.3III(B)(2)(c)(2). As you know, once offenders are placed on pre-execution status, all visits are non-contact, including legal visits, except visits requested by the offender's attorney and approved by the chief administrative officer (CAO). Potosi Correctional Center Procedure Manual, Pre-Execution Status Procedure, effective Jan. 6, 2023 (SOP). Once on pre-execution status, "Visit with outside spiritual advisors must be pre-approved by the CAO or designee,

and shall be on a non-contact basis during normal visiting hours. All regularly established visiting rules shall apply." *Id.* at ¶III(C)(11). Accordingly, the Department has followed its normal policies in considering your requests.

Your IRR's reference to the September 25, 2025 correspondence is incomplete and incorrect. As you know, Morgan Shockley's application to be a spiritual advisor was initially denied on August 21, 2025. Morgan Shockley then appealed that decision to the Religious and Spiritual Programing Coordinator. That appeal was improper because the basis for the denial was under D5-3.3III(B)(2)(c)(2), which relates to the safety and security of the institution. Under the Department's policy, appeals may be submitted to the Religious and Spiritual Programing Coordinator under D5-3.3 III(B)(h)(1) when the denial is based on a determination that a candidate failed to provide the credentials required under D5-3.3III(B)(2)(d). The Religious and Spiritual Programing Coordinator then approved this improper appeal because Morgan Shockley provided evidence of the necessary credentials. But that "approval" was irrelevant to the Department's denial under D5-3.3III(B)(2)(c)(2) for concerns about institutional safety and security. That fact was communicated to Morgan Shockley by email on Friday, September 26, 2025 at 7:30 A.M. In that email, the Religious and Spiritual Programing Coordinator wrote, "my review is only based on the qualifications. If they have other concerns, they will consult the division director, so you may want to contact PCC to find out if they are changing the denial or not."

You write that we have not provided you with what you refer to as the "pre-execution (pre-ex) protocol." IRR at 3. Your counsel was provided with the relevant pre-execution status procedure on October 7, 2025.

Finally, your IRR says that the Department has denied your requests without proper explanation. IRR at 2. The Department has provided you and your counsel with proper explanation. This IRR response is intended to supplement—not replace—the letter dated October 6 and the email dated October 7.

With respect to the portion of your IRR titled "<u>FIRST AND SECOND REQUESTS</u>," the Department has previously explained its denial. As a supplement to those explanations, the Department provides the following additional response:

The "pre-execution (pre-ex) protocol" you reference is the Pre-Execution Status Procedure, which has been provided to your counsel. The Department has not

denied your right to religious practice but has instead attempted to accommodate your requests while preserving institutional safety and security and the solemnity of the execution. The background check provision is D5-3.3III(B)(2)(c)(2). Please note that the October 7 email supplements the October 6 letter. To your assertion that "nothing has changed," IRR at 3, the issuance of a warrant has triggered the Department's Pre-Execution Status Procedure.

With respect to the portion of your IRR titled "THIRD REQUEST," the Department has previously explained its denial and has offered the measures that least restrict religious practice while still preserving institutional safety and security and the solemnity of the execution. Your proposed alternatives have been considered, and the Department has determined they are insufficient. With particular respect to your assertion that the Department could merely have your daughters sign an agreement not to disclose information they learn, that risk mitigation effort has failed in previous cases. For instance, prior spiritual advisors have signed such agreements, and then publically violated those agreements.[1] Additionally, none of your proposed suggestions adequately address all of the Department's concerns, including but not limited to protecting highly sensitive areas of the institution and maintaining control over the execution chamber.

Further, you and your daughters have been on notice of the Department's position since at least September 26, 2025. Please note that the United States Supreme Court has said that family members of the condemned offender

---

[1] *See, e.g.*, Jeff Hood, *Innocence Ignored: Save Lance Shockley*, JEFF HOOD: ENGAGING RADICAL THEOLOGY VIA PATHEOS (Last Updated Oct. 2, 2025 at 11:01 p.m.) https://tinyurl.com/uhbtvsvt (Dr. and Reverend Jeff Hood, spiritual adviser for David Hosier on June 11, 2024); Katie Moore, *With Missouri man in execution chamber, spiritual adviser tried to show 'he was loved'*, THE KANSAS CITY STAR (Apr. 11, 2024 at 6:00 a.m.) https://tinyurl.com/5ey8vs9e (Reverend Matt Frierdich, spiritual adviser for Brian Dorsey on April 9, 2024); Gerry Kleba, *On Death Row With Johnny Johnson*, ASSOCIATION OF U.S. CATHOLIC PRIESTS (Oct. 25, 2024) https://tinyurl.com/9ywmbwvh (Father Gerry Kleba, spiritual adviser for Johnny Johnson on August 1, 2023); Death Penalty Information Center, *Religious Leaders Explain Why They Minister to Death-Sentenced Prisoners During Executions*, DEATH PENALTY INFORMATION CENTER NEWS (Posted Aug. 7, 2023) (Updated Mar. 14, 2025) https://tinyurl.com/4vb3x49 (Reverend Melissa Potts-Bowers, spiritual adviser for Michael Tisius on June 6, 2023); Brian Kaylor, *Praying in a Death Chamber*, A PUBLIC WITNESS (Feb. 2, 2023) https://tinyurl.com/4dbzp3kv (Reverend Lauren Bennett, spiritual adviser for Scott (Amber) McLaughlin on January 3, 2023). *See also* Sylvester Brown Jr., *Spiritual advisors, leaders share personal impact of executions*, THE ST. LOUIS AMERICAN (Jun. 28, 2023 at 8:21 p.m.) https://tinyurl.com/42ur9btb ("Oftentimes, when there is a state-sponsored execution, we hear from spiritual advisors who've shared the last moments with the accused.").

"obviously would not be allowed into the chamber itself." *Bucklew v. Precythe*, 587 U.S. 119, 150 n.5 (2019).

With respect to the portion of your IRR titled "FOURTH REQUEST," the Department has responded to these requests in its October 6 letter, its October 7 email, and this IRR response.

This IRR response resolves all grievances on this topic. Further, the Department has construed your IRR as an appeal and denied it. No further appeals are necessary.

*[signature]*
Director of Adult Institutions AKJ