## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| LANCE C. SHOCKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-01513-SRC |
| | ) | |
| | ) | **Capital Case** |
| RICHARD ADAMS, et al., | ) | **Execution Set for** |
| | ) | **6 p.m. October 14, 2025** |
| Respondents. | ) | |

## Motion to Dismiss and Memorandum in Support

This Court should dismiss Petitioner Lance C. Shockley's complaint because it fails to state a claim upon which relief can be granted.

### Standard Governing the Motion

The complaint fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level . . . ." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Indeed, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Although a complaint need not contain "detailed factual allegations," the federal pleading standard obligating the plaintiff to provide the grounds for his entitlement to relief "requires more than

1

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (stating legal conclusions and threadbare recitations of the elements of a cause of action "are not entitled to a presumption of truth when considering the sufficiency of a complaint."). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court takes all well-pleaded facts in the complaint as true and construes all reasonable inferences from those facts in the light most favorable to the pleader. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, *see Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions a plaintiff draws from the facts pled. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged[,]" *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *accord Johnson v. Precythe*, 954 F.3d 1098, 1101 (8th Cir. 2020). "Making a plausibility determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Zink*, 783 F.3d at 1098 (quoting *Magee v. Tr. of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014)).

## Analysis

### I. Shockley's complaint does not satisfy the plausibility standard.

Shockley's complaint alleges that his execution should be stayed because he wishes for his daughters to be allowed to have contact visits with him and because he wishes one of his daughters to be present in the execution chamber because he has attempted to designate them as his spiritual advisors. Shockley's suit does not really raise a First Amendment claim or a claim pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), but his suit is instead a threadbare attempt to delay his execution. The right to select a spiritual advisor is not unlimited, and the Missouri Department of Corrections' ("the Department") policy is a general rule of neutral applicability: immediate family members may not have physical contact with an inmate who is on pre-execution status, nor may such family

members be present in the execution chamber.[1] As the United States Supreme Court has noted, there are persons who "obviously would not be allowed into the chamber itself" including "relatives or friends of the condemned person." *Bucklew v. Precythe*, 587 U.S. 119, 150 n.5 (2019).

Although Shockley attempts to make his case look like it raises a religious freedom issue, it does not. Shockley is really seeking to have contact visits with close family members and is using freedom of religion as a ruse to either accomplish this goal, or to halt his execution.[2] Having family members in the execution chamber is something the United States Supreme Court has indicated obviously would not be allowed. *See id*. The Department's decision not to permit family members to have contact visits or to be present in the

---

[1] Shockley's complaint also suggests that the Department has violated Shockley's rights because it has refused to permit his daughters to be witnesses to his execution as spiritual advisors. Doc. 1 at 2 ¶8; *see also* Doc. 1 at 3 ¶10; Doc. 1 at 14 ¶53; Doc. 1 at 15 ¶55. But the Department has actually afforded Shockley *more* than it has afforded any other condemned murderer:  two additional witness seats beyond the five seats required by statute. *Compare* Doc. 7–1, Pet. Ex. K at 3, Pet. Ex. L at 1, *with* Mo. Rev. Stat. § 546.740. As long as there is no physical interruption, Shockley's daughters will be permitted to engage in whatever religious conduct they deem necessary while in the offender witness room.

[2] As this Court and the Missouri Supreme Court have observed, Shockley has repeatedly engaged in a litigation strategy of delay. *See, e.g., Shockley v. Crews*, 696 F. Supp. 3d 589, 620 (E.D. Mo. 2023) (finding that "Shockley has intentionally delayed this Court's proceedings"); Show Cause Order at *1, *Shockley v. Crews*, 4:19-CV-02520-SRC, Doc. 76 (E.D. Mo. Sept. 29, 2023); Order at *2, *5–*6, *State v. Shockley*, SC90286 (Mo. Oct. 8, 2025).

execution chamber during the execution is based on concerns about institutional safety and security and the solemnity and dignity of the execution, not religious discrimination. *See Ramirez v. Collier*, 595 U.S. 411, 430 (2022). This Court should dismiss the suit as the pleading fails the plausibility standard.

## II. Shockley's complaint does not plead sufficient facts to survive a motion to dismiss.

Shockley's complaint fails to state a claim upon which relief can be granted because neither Shockley's First Amendment claim nor his RLUIPA claim contain sufficient factual allegations to establish the necessary elements of either claim.

### A.      Shockley's First Amendment Claim

With respect to Shockley's First Amendment claim, Shockley must plead and prove that the Department's policy is not narrowly tailored to achieve a compelling state interest. See *Fulton v. City of Philadelphia,* 593 U.S. 522, 541 (2021). As the Supreme Court has explained, a state has a compelling state interest in the solemnity of the execution proceedings, as well as in institutional safety and security. *Ramirez*, 595 U.S. at 430. And here, Shockley has pleaded facts that show that the Department's restrictions are narrowly tailored. For instance, the Department has offered to allow Shockley's daughters to have a non-contact visit where they may pray, they may have

religious materials, and they may conduct a religious ceremony involving communion and anointing oils. Doc. 2–13 at 1. The only "restriction" placed on Shockley is that a person other than Shockley's immediate family—such as Shockley himself, one of Shockley's attorneys, a prison clergy employee, or a spiritual advisor of Shockley's choosing (other than a family member)—must be the one to physically hand Shockley the communion materials and physically place the oil on Shockley. *Id.* Such an accommodation is narrowly tailored to achieve a compelling state interest. The same is true for the Department's accommodation of Shockley's request for a spiritual advisor in the chamber. Here, the Department has agreed to allow Shockley to have a spiritual advisor of his faith and choosing (other than a family member) be present in the execution chamber. *Id.* This accommodation is also narrowly tailored to achieve the State's compelling interest in the dignity and solemnity of the execution, as well as the State's compelling interest in institutional security. Allowing a family member of the condemned to be in the execution chamber plainly presents a heavy risk to the dignity and solemnity of the execution, as well as the safety and security of the institution.

### B.    Shockley's RLUIPA Claim

In order to receive relief on a RLUPIA claim, Shockley must plead sufficient facts to show that the Department's conduct has placed a "substantial" burden on the offender's "religious exercise." *Ramirez*, 595 U.S.

6

at 425. Shockley's complaint fails to plead facts that establish the Department's actions have placed a substantial burden on his religious exercise. Indeed, Shockley's complaint shows just the opposite: the Department has placed no burden on his religious exercise. Shockley may have a spiritual advisor of his choosing, just not an immediate family member, with him in the execution chamber. Doc. 2–13 at 1. And Shockley may have a spiritual advisor of his choosing, just not an immediate family member, physically provide him with communion and anoint him with oil. *Id.* Moreover, Shockley's requested immediate family members may be present for *both* his execution *and* the religious ceremony where he is offered and receives communion. Doc. 2–13 at 1; Doc. 7–1 at 3. At bottom, the Department's common sense approach—that immediate family members may not have physical contact with inmates on pre-execution status or in the execution chamber—is not a "substantial" burden on Shockley's religious exercise. *See Ramirez*, 595 U.S. at 425.

## Conclusion

This Court should dismiss Shockley's suit as it fails to state a plausible claim of infringement on Shockley's religious rights.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Michael J. Spillane*
Michael J. Spillane
Assistant Attorney General
Missouri Bar #40704
P.O. Box 899
Jefferson City, MO 65102
(573) 751-1307
(573) 751-2096 Fax
mike.spillane@ago.mo.gov

*/s/ Gregory M. Goodwin*
Gregory M. Goodwin
Assistant Attorney General
Missouri Bar #65929
P.O. Box 899
Jefferson City, MO 65102
(573) 751-7017
(573) 751-2096 Fax
Gregory.Goodwin@ago.mo.gov

*/s/ Kirsten Pryde*
Kirsten Pryde
Assistant Attorney General
Missouri Bar #76318
P.O. Box 899
Jefferson City, MO 65102
(573) 751-0843
(573) 751-2096 Fax
Kirsten.Pryde@ago.mo.gov

*/s/ Tyler A. Dodd*
Tyler A. Dodd
Assistant Attorney General
Missouri Bar #75531
P.O. Box 899
Jefferson City, MO 65102
(573) 751-0338
(573) 751-2096 Fax
Tyler.Dodd@ago.mo.gov

Attorneys for Respondent

## <u>Certificate of Service</u>

I certify that I filed this document, and any attachments, using the CM/ECF filing system on October 10, 2025. All counsel of record will receive electronic service by operation of the CM/ECF filing system.

*/s/ Kirsten Pryde*

Kirsten Pryde
Assistant Attorney General